# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| W.A. GRIFFIN, M.D., | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.: 4:18-CV-7-TLS |
| SEVEN CORNERS, INC., | ) |
| Defendant. | ) |

## OPINION AND ORDER

The matter before the Court is the parties' Stipulation of Dismissal with Prejudice [ECF No. 54]. The Plaintiff, proceeding pro se, filed her Complaint [ECF No. 6] in Carroll Circuit Court in the State of Indiana on December 27, 2017. The case was removed to federal court on January 26, 2018, and assigned cause number 4:18-cv-7 ("*Griffin I*"). *See* Notice of Removal, ECF No. 1. The Plaintiff alleged in her Complaint that the Defendant failed to pay ERISA benefits owed to the Plaintiff under 29 U.S.C. §1132(a)(1)(B) and sought relief in the amount of $52,378. *See Griffin I*, Compl. ¶ 17, ECF No. 6.

The Plaintiff filed another action in Carroll Circuit Court on May 29, 2018, against the Defendant, which was also removed to federal court and then assigned cause number 4:18-cv-39 ("*Griffin II*"). *See Griffin II*, ECF No. 1. In *Griffin II*, Plaintiff seeks relief in the amount of $42,672 under 29 U.S.C. §1132(c)(1) for the Defendant's alleged failure to produce documents in connection with *Griffin I*. *See Griffin II*, Compl. at ¶¶ 6–19, ECF No. 6.

On October 2, 2018, Magistrate Judge John E. Martin directed the Clerk of the Court to consolidate cause number 4:18-cv-7 with cause number 4:18-cv-39 and directed the parties to make all future filings in cause number 4:18-cv-7 only. *See Griffin I*, ECF No. 33.

Subsequently, on March 12, 2019, the parties filed a Stipulation of Dismissal with Prejudice. The parties stipulated that the all claims originally asserted in *Griffin I* were dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The parties acknowledged that their stipulation did not dismiss the claims asserted in *Griffin II*. The Court, on July 10, 2019, recognized the parties' dismissal of the case under cause number 4:18-cv-7 pursuant to Rule 41(a)(1)(A)(ii).

Stipulated dismissals under Rule 41(a)(1)(A)(ii) do not require judicial approval. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"); *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (noting that a voluntary dismissal under Rule 41(a)(1) is effective upon the filing of the stipulation); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). However, Rule 41(a) speaks in terms of dismissing an "action" but does not mention the dismissal of individual claims, *see Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim), and thus does not apply here because the claims asserted in *Griffin II* remain pending in cause number 4:18-cv-7 following consolidation.

This Court follows the reasoning set forth in *Gatling v. Nickel*, 275 F.R.D. 495, 2011 WL 2579944 (E.D. Wis. June 28, 2011), where the district court invoked Rule 41(a)(2) to dismiss individual claims—but not the entire action—pursuant to a stipulation of the parties. The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, F.R.D. at 496.[1]

In consideration of the procedural context of this case, the Court finds that it has the power, as the court did in *Gatling*, to enter an order pursuant to Rule 41(a)(2) to dismiss certain claims. The Court further finds that dismissal of the claim originally filed as Count 1 in *Griffin I* is appropriate because the context in which dismissal is sought is not adversarial and there is no prejudice to either party in allowing the dismissal. It would serve no purpose here, where the parties have stipulated to the dismissal, to require the Plaintiff to move to amend his complaint (or construe the stipulation as a motion to amend), for which leave would be freely granted, and then require the Defendant to answer the new complaint.

---

[1] Other courts have required that a plaintiff who wishes to drop some claims but not others should do so by amending the complaint pursuant to Rule 15. *See, e.g.*, *Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, No. 2:10-cv-255, 2010 WL 3927508, at *2 (N.D. Ind. Oct. 4, 2010) (converting "faulty" Rule 41(a)(2) motion into a Rule 15 motion to amend the complaint); *Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) ("A motion to dismiss voluntarily a single claim in a multi-count complaint is more properly treated as an amendment to the original complaint under Fed. R. Civ. P. 15(a).").

**CONCLUSION**

Having construed the parties' Stipulation as a request for a Court order, the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), GRANTS the dismissal [ECF No. 54] of Count I of the Plaintiff's Complaint with prejudice originally filed in cause number 4:18-cv-7. Count I the Complaint originally filed in cause number 4:18-cv-39 REMAINS PENDING under 4:18-cv-7. The Clerk is DIRECTED to unterm cause number 4:18-cv-7 and to restore to the docket as pending the parties' respective motions for summary judgment found at ECF Nos. 34 and 37 under cause number 4:18-cv-7. Finally, the Court VACATES its July 10, 2019, docket entry that recognized the parties' Rule 41(a)(1)(A)(ii) dismissal.

SO ORDERED on July 18, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT