UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| W.A. GRIFFIN, M.D., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CAUSE NO. 4:18-CV-7-PPS |
| ) | |
| SEVEN CORNERS, INC., ) | |
| ) | |
| Defendant. ) | |

# OPINION AND ORDER

Plaintiff, Dr. W.A. Griffin, and Defendant, Seven Corners, Inc., filed cross motions for summary judgment in this case involving an international au pair who purchased medical insurance for her job in the United States. [DE 34, 37.] Dr. Griffin, a dermatologist who treated the au pair, claims during her pursuit for payment that she asked Seven Corners to produce documents relating to the policy at issue, and its failure to produce all of the requested documents results in her sole remaining claim in this case that Dr. Griffin is entitled to recover statutory penalties under Section 502(c)(1) of the Employment Retirement Income Security Act ("ERISA").

Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Here, there are several genuine issues of material facts that preclude summary judgment.

The statute provides that:

> Any administrator . . . who fails or refuses to comply with a request

> for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c)(1). But of course, for the ERISA disclosure provisions to apply, the plan *must be covered by ERISA*.

Here, the relationship between the multiple entities involved is unclear and there are genuine material disputes as to whether: the insurance policy at issue is covered under ERISA; the healthcare plan obtained by the au pair came from an "employer" or an "employee organization"; Seven Corners could be said to be working "in the interest of an employer"; and the insurance policy was issued outside of the United States. *See* 29 U.S.C. § 1002(2)(4),(5).

Both parties have submitted some evidence as to whether the insurance policy is an ERISA plan. Dr. Griffin produced two letters. The first is a letter from the Georgia Office of Insurance and Safety Fire Commissioner to Dr. Griffin, which then attaches another letter from United Healthcare addressed to the Office of Insurance and Safety Fire Commissioner. [DE 41 at 7-8.] The letter from United Healthcare, dated September 26, 2017, states "[the au pair] is covered under a self-funded ERISA . . . Plan, established and sponsored by SEVEN CORNERS - LLOYDS. United HealthCare Services, Inc. provides administrative and claim payment services to the Plan." [*Id.* at 8.] The letter from the Georgia Office of Insurance and Safety Fire Commissioner to Dr. Griffin, dated

2

December 18, 2017, attaches this United Healthcare letter, and tells Dr. Griffin that "[t]he employer offers a Self-funded healthcare benefit plan governed under ERISA." [DE 41 at 7.]

Seven Corners contends these letters are misguided and incorrect in the conclusion that the policy is an ERISA plan, and submitted the agreement between United Healthcare and Seven Corners ("Services Agreement Between Seven Corners, Inc. and United Healthcare Services, Inc."). [DE 39-1.] This agreement specifically states that "Seven Corners further represents and warrants that none of the Plans administered under this Agreement is or will be issued in the United States or constitutes an employee benefits plan under ERISA." [DE 39-1 at 6, ¶ 4.5.] These competing pieces of evidence, with no further substantial analysis of whether the policy is actually governed by ERISA, create a genuine dispute as to a material fact, rendering summary judgment inappropriate. At this point, I cannot say as a matter of law that the insurance policy at issue falls under ERISA.

## Conclusion

For these reasons, Dr. Griffin's motion for summary judgment [DE 34] is DENIED and Seven Corners' motion for summary judgment [DE 37] is DENIED. The parties are GRANTED LEAVE to file additional, well developed and fully supported motions for summary judgment, and can add any additional evidence in support, on or before May 17, 2021. Any responses are due on or before June 16, 2021 and any replies by July 1, 2021.

3

**SO ORDERED**.

ENTERED: March 15, 2021.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**
